GONZALES v. LANCASTER et al. *
(No. 11258.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 21, 1925. Rehearing Denied March 20, 1926.)

1. Railroads ⟨key⟩352—Findings that deceased looked and listened, and that he was contributorily negligent in failing to stop before going on track, held not conflicting.

In action for death at crossing, finding that deceased looked and listened for cars approaching track on which he was killed, held not in conflict with finding that he was negligent in failing to stop before going on track.

2. Railroads ⟨key⟩352—Finding of contributory negligence in failing to stop held not in conflict with finding that negligence in standing on track was proximate cause of injury.

In action for death at crossing, finding of contributory negligence in failing to stop before going on track on which deceased was killed held not to conflict with finding that contributory negligence in standing on track where he was killed was proximate cause of injury.

3. Railroads ⟨key⟩352—Finding of railroad's negligence in failing to warn held not to conflict with finding of contributory negligence in failing to stop.

In action for death at crossing, finding that railroad was negligent in failing to warn deceased of approach of cars held not to conflict with finding of contributory negligence in failing to stop to ascertain if cars were approaching.

4. Trial ⟨key⟩191(8), 352(5)—Special issue and explanatory instruction held erroneous, as assuming that deceased was standing between rails of track on which he was struck, in view of conflicting evidence.

In action for death at crossing, special issue and explanatory instruction held erroneous, as assuming that deceased was standing between rails of track, on which he was killed by moving box cars while waiting for train on another track to pass, in view of conflicting evidence on that point.

Appeal from District Court, Tarrant County; W. S. Lattimore, Judge.

Suit by Genario Gonzales against J. L. Lancaster and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded for another trial.

---

Frank R. Graves, of Fort Worth, for appellant.

Thompson, Barwise & Wharton, of Fort Worth, for appellees.

DUNKLIN, J. Genario Gonzales instituted this suit against J. L. Lancaster and Charles L. Wallace, receivers of the properties of the Texas & Pacific Railway Company, to recover damages for the death of his son, Avelino Gonzales, caused by being run over by a string of railroad box cars belonging to the defendants at a place in the city of Fort Worth where East Seventeenth street, running in an easterly and westerly direction, is crossed by several tracks of the said railway company, running in a northerly and southerly direction, and from a judgment in favor of the defendants the plaintiff has appealed.

It was alleged in substance that the deceased was 22 years of age; that he had been in the habit of contributing to the support of his father and would have continued so to do had he not been killed. The loss by plaintiff of prospective contributions from his said son was alleged to be $25,000, and for that amount he sought a recovery. The evidence introduced upon the trial showed that the deceased approached the railroad crossing on East Seventeenth street with the intention to pass over it; that when he reached the crossing he stopped on one of the railway tracks while waiting for cars to pass, which were then moving over the crossing on another track, and while so standing a string of box cars with no locomotive attached thereto were kicked or shunted over the track upon which he was standing, and when they reached the crossing they ran over him and cut off both legs, from which injuries he died a short time thereafter. The evidence further showed that the string of box cars which ran over the deceased were not equipped with any lights, nor was there any person on them to give warning of their approach, and the accident happened at night.

The case was submitted to a jury on special issues, in answer to which the following findings were returned into court and were made the basis of the judgment rendered:

(1) The defendants, through their servants and employees, failed to give such warning of the approach of the box cars which struck the deceased as would have been sufficient to warn the deceased of their approach, and such failure to give such warning was negligence, which was the proximate cause of the death of the deceased.

(2) The failure of the defendants and their employees to have a man stationed on said string of box cars as the same approached the crossing to give warning of their approach was also negligence, which was likewise the proximate cause of the death of the deceased.

(3) The movement of said box cars without having an engine attached thereto was also negligence, which was the proximate cause of the death of plaintiff's son.

(4) The deceased looked and listened for approaching cars as he approached the track on which he was killed.

(5) But he did not stop to ascertain if cars were approaching on the track on which he was injured.

(6) His failure to so stop for the purpose of ascertaining whether or not cars were approaching was negligence on his part, which proximately contributed to his injuries.

(7) The deceased was also guilty of negligence proximately contributing to his injuries in standing between the rails of the track on which he was run over and killed, under the surrounding circumstances.

All of those issues were presented in the pleadings of the parties; the issues of negligence on the part of the defendants' agents and servants being presented in plaintiff's pleadings, and the issues of contributory negligence on the part of the deceased being presented in the defendants' pleadings. The evidence was sufficient to support the findings of the jury on both issues of contributory negligence on the part of the deceased, and the assignments of error presented here to those findings as being contrary to the overwhelming weight of the evidence are overruled.

[1-3] We overrule the further contention, made by appellant, that there is a conflict between the findings that, although deceased looked and listened for cars when he approached the track on which he was killed, he was guilty of contributory negligence in failing to exercise the further precaution to stop before going upon that track. Nor is there any conflict between the finding last mentioned and the further finding that the deceased was standing upon the track where he was killed, and was guilty of negligence in so doing, which proximately contributed to his injury. There is no merit in the further contention that there is a conflict between the findings that the defendants were guilty of negligence in failing to warn the deceased of the approach of the cars, and the finding that he also was guilty of negligence in failing to stop to ascertain if cars were approaching the crossing before he went upon the track on which he was killed, since it is entirely reasonable that the negligence both of the defendants and the deceased contributed to cause the injury.

[4] The finding of the jury noted above, that the deceased was guilty of negligence proximately contributing to his injuries in standing between the rails of the track on which he was run over at the time he was injured, was in answer to the issue submitted in paragraph 16 of the court's charge, supplemented by an additional instruction hereinafter noted. Said paragraph 16, which was submitted to the jury before they retired to consider their verdict, reads as follows:

"Was deceased guilty of contributory negligence, as that term has been defined to you, in standing between the tracks in the manner and under the circumstances as he did on the occasion of his injuries?"

No objection was made by appellant to the submission of that issue in that form, on the ground that it was upon the weight of the evidence in assuming that the deceased was standing on the track on which he was ·injured at the time he was run over. After the jury had retired and had deliberated upon their verdict, they returned into court and requested a further instruction of the court's meaning by the use of the word "tracks," as used in paragraph 16 already mentioned. In answer to that request, the court gave this further instruction:

"The word 'tracks,' as used in No. 16, means the rails of the track on which he was killed."

At the time the additional instruction was given, counsel for appellant was absent from court and did not know that it was given, and had no opportunity to object thereto. But by bill of exception it is shown that, had counsel been present, he would have urged an objection to the additional instruction, on the ground that it was upon the weight of the evidence in assuming that the deceased was standing upon the track upon which he was injured at the time he was struck by the moving string of box cars, and error has been assigned to that instruction on that ground.

The principal witness introduced by the plaintiff was Margarito Bustillos, who testified as follows:

"I saw Avilino Gonzales at the crossing. While he was standing there at the crossing, I came up with some baskets of bread, waiting for the train to move, as it was standing right on the street, so that I could get by. On the side where the watchman stays, I saw three cars were coming on the track, and struck him on the right side. Those cars were box cars. I am not very sure about those tracks down there, because I have never paid much attention to the tracks. I know what track Gonzales was on when he was struck. The way it happened was this: There was a train on the tracks, crossing there when I arrived there. Gonzales and I were waiting for this train to get by, so we could get across, and while we were standing there waiting the cars came over and struck him. Both of us were standing there. I was about 5 yards away from there when the accident happened. He was going to the place where he boarded, and I·was going with him. * * * Avilino was there at the crossing when I arrived. There was nobody there but he and myself. * * * While I was standing there waiting for the train to pass, there was no one there other than Gonzales and myself. * * * Avilino Gonzales arrived at this crossing before I did, and I walked up to within 5 yards of where he was standing and stopped on the left side. I didn't walk up even with him. I did not walk up to the tracks where Avilino was standing when he was struck. It was about three minutes after I arrived that the accident happened.· Avilino stood there at least three minutes on the tracks, in addition to what time he had been standing there before I arrived. At the time I walked up there he was standing between the rails on the track on which he was struck."

The foregoing testimony by plaintiff's witness, Margarito Bustillos, was not contradicted by the testimony of any other witness. However, that witness further testified as follows:

"I saw the track there that night. There is a light there at that crossing. It was lighted that night, but there was a train right across the crossing there that kind of shaded the place where we were standing. That train was not standing, but it was moving. Avilino and I were standing there between the cars and the train. The train was going one way, and the cars coming another way, and we were penned up on both sides. There was something to keep Avilino from seeing that train a distance of 20, 30, or 50 feet before it got to him. We were right in the middle; we were right between the tracks. I inferred that I was in a safe place, and the deceased was where he could get hurt."

It thus appears that, while the witness testified at one time that the deceased was standing between the rails of the track on which he was struck, yet she further testified that the deceased and witness were right in the middle, or right between the tracks, and it was shown by other testimony that there were several railroad tracks across Seventeenth street at that crossing.

In view of the somewhat indefinite and possibly contradictory character of the testimony of that witness, we do not believe that it can be said that the evidence so conclusively shows that the deceased was standing between the rails of the track on which he was killed as to warrant the court to assume, as it did assume, in his instructions to the jury, that that fact had been so established. Indeed, it appears, from the request of the jury for further instructions, that they had some difficulty in determining that issue. The instructions, therefore, were upon the weight of the evidence, and the assignment of error addressed thereto is accordingly sustained.

The judgment is therefore reversed, and the cause is remanded for another trial.